## WATSON *v.* CENTENNIAL MUT. LIFE ASS'N.[1]

*(Circuit Court, E. D. Missouri.   September 24, 1884.)*

1. INSURANCE—IMPLIED CONTRACT OF MARRIAGE.
    A. and B. lived together as husband and wife and recognized each other as such in their intercourse with friends, for 10 years, though no marriage ceremony had been performed.    A. provided for both, and B., like a wife, kept house for him; but in taking out a policy of insurance on his life for B.'s benefit, A. had her name inserted as Mrs. B. instead of Mrs. A.    In an action by B. on the policy, *held,* that B. was A.'s wife, and had an insurable interest in his life.

2. SAME—MISREPRESENTATIONS—WAIVER.
    Where, after discovering that an assured has made misrepresentations to it in his application for a policy, an insurance company continues to collect assessments, it thereby waives any right it may have to declare the policy obtained by such misrepresentations invalid.

Action on Policy of Insurance.

*Hugo Muench,* for plaintiff.

*Davis & Davis,* for defendant.

BREWER, J., *(orally.)*   Two defenses are interposed in this case: *First,* that the complainant was not the wife of the insured, and had no insurable interest; and, *second,* that in the application for the policy the insured represented himself as a steam-boat man, whereas, as a matter of fact, he was a gambler by profession.

In reference to the first question, the testimony indisputably shows that for 10 years prior to the death of the insured he and the complainant lived together as husband and wife.    There was no ceremony at the institution of that relation, but they lived together as husband

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

and wife continuously during those years in the same home, recognized as such by each other and by all in whose society they lived, he providing as husband for her and she taking care of the household duties, both visiting her friends and being introduced, when with them or traveling, as husband and wife. While in that relation he took out an insurance in her name as Mrs. Nellie Brooks. The mere name cannot change the fact of the mutual relations of the parties. The fact that no ceremony took place at the time the relation was entered upon does not prevent them, under the decisions of this court, as well as the supreme court of the state, from being adjudged as husband and wife; and, being in such a relation, she had an insurable interest, and can maintain this action.

As far as the other defense is concerned, that he was a gambler instead of a steam-boat man, the facts are that he had been a steamboat man, but, perhaps, during the last few years prior to his death, had ceased to go up and down the river. But that fact was known to the company at least as early as May 24, 1883. After that it sent its notices for assessment, which were directed to him and paid by her, and thus the knowledge of the fact, even if a material fact, and such as to vitiate the policy, having been brought home to the company, any objection on that account was waived by it. Indeed, it is questionable whether, under the statutes of the state of Missouri, referred to by counsel in his brief, that otherwise would constitute any defense, because it does not appear that it was material to the risk, and no tender of moneys received on account of the policy was made by answer or on the trial. The decree, therefore, will go for the complainant as prayed.